**FILED**
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★  **SEP 1 0 2018**  ★

**BROOKLYN OFFICE**



**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

| | |
|---|---|
| CRH<br>F. #2017R01712 | *271 Cadman Plaza East*<br>*Brooklyn, New York 11201* |

September 10, 2018

BY HAND DELIVERY

Clerk of the Court
(for forwarding to randomly assigned United States District Judge)
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

**CR 18 - 00487**

The Honorable Ann M. Donnelly
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

**GLASSER, J.**

**REYES, M.J.**

Re:  United States v. Rashedul Mowla

Dear Clerk of Court and Judge Donnelly:

   Pursuant to Local Rule 50.3.2, the government hereby notifies the Court that the above-captioned case ("Mowla") is presumptively related to United States v. Parveg Ahmed, No. 17-CR-378 ("Ahmed").

   Local Rule 50.3.2(b)(1) provides for a "presumption that one case is 'related' to another when the facts of each arise out of the same charged criminal scheme(s), transaction(s), or event(s), even if different defendants are involved in each case."  Local Rule 50.3.2(c)(1) directs the United States Attorney's Office to "give notice to all relevant judges whenever it appears that one case may be presumptively related to another pursuant to Section (b)(1)."

   This letter constitutes the notice directed by Local Rule 50.3.2(c)(1).  This case is presumptively related to Ahmed because the facts of Mowla's case arise out of the same criminal scheme, and same series of events, as charged in Ahmed.  Specifically, the defendants in the two cases, Parveg Ahemd and Rasheedul Mowla, together attempted to provide material support to a foreign terrorist organization ("FTO"), the Islamic State of Iraq

and al-Sham ("ISIS") by attempting to travel to Syria to fight on behalf of ISIS.   As a result, the defendant in Ahmed was charged by a grand jury with one count of attempting to provide material support to an FTO, in violation of 18 U.S.C. § 2339B, and the defendant in Mowla has been charged by a grand jury with attempting to provide material support to an FTO and conspiring to do the same, based on the same set of facts.   Additionally, prior to indictment and while charged on a complaint for the same conduct, Rasheedul Mowla has previously been appearing before Judge Donnelly over a substantial period of time in order to resolve certain alleged competency issues raised by the defendant.   See United States v. Mowla, 17-MJ-769 (AMD).   As a result of the Court's experience with both cases, Judge Donnelly already has a significant familiarity with the facts and circumstances of the Mowla matter.

Accordingly, as the case is thus presumptively related, the government respectfully submits that reassignment would be appropriate, as it would likely result in a significant savings of judicial resources and serve the interests of justice.

Respectfully submitted,

RICHARD P. DONOGHUE
United States Attorney

By:      /s/

Craig R. Heeren
Assistant United States Attorney
(718) 254-6467

cc:    Steven Zissou, Esq. (via electronic mail)

2